**Rita Suei–Te CHIANG, Plaintiff–Appellant,**

v.

**FEDERAL BUREAU OF INVESTIGATION; United States Department of Justice; Peter D. Keisler,\* Acting Attorney General; Robert S. Mueller, Director Federal Bureau of Investigation, Defendants–Appellees.**

No. 06–55958.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2008.

Filed May 13, 2008.

Marvin L. Rudnick, Esq., Rudnick & Kadish, Pasadena, CA, for Plaintiff–Appellant.

Kimberly Anne Gaab, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Defendants–Appellees.

Before: HALL, T.G. NELSON, and SILVERMAN, Circuit Judges.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

## MEMORANDUM **

Rita Suei–Te Chiang appeals the district court's dismissal of her Title VII claims. The district court dismissed the claims because it lacked subject matter jurisdiction over the Federal Bureau of Investigation's decision to revoke Chiang's security clearance. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We review the district court's dismissal for lack of subject matter jurisdiction de novo. *Dorfmont v. Brown,* 913 F.2d 1399, 1400–01 (9th Cir.1990). Federal courts do not have the power to review an agency's decision to grant or revoke a security clearance. *See id.* at 1401. This lack of jurisdiction extends to Title VII claims involving security clearance determinations. *Brazil v. U.S. Dep't of Navy,* 66 F.3d 193, 196 (9th Cir.1995). This lack of jurisdiction arises because when evaluating a Title VII claim the court must determine whether the defendant's proffered reasons for its actions were a pretext to mask discrimination; and, in order to make that determination, the federal courts would be required to review the merits of the security clearance decision. *Id.* at 196–97.

Because Chiang's Title VII claims would require the district court to review the merits of the FBI's decision to temporarily revoke her security clearance, the district court did not err when it denied her request for an evidentiary hearing and dismissed the claims for lack of subject matter jurisdiction.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.